FILED
SUPERIOR COURT
OF GUAM

2015 AUG 31 AM 10: 52

CLERK OF COURT

BY:



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>v.<br><br>FRANCIS CHARLIE MADEUS, and<br>MINORICHY NISAR T. RUGANTE,<br><br>Defendants. | CRIMINAL CASE NO. CF 0023-14<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 22nd day of May, 2015, for a hearing on Defendants' Motion for Judgment on Acquittal and Motion for New Trial. Assistant Attorney General Basil O'Mallan represented the People of Guam ("People"), Attorney Douglas B. Moylan represented Defendant Madeus, and Attorney William Pole represented Defendant Rugante ("Defendants"). For the reasons set forth below, the Court DENIES Defendants' Motion for Judgment on Acquittal and Motion for New Trial.

## BACKGROUND

On February 21, 2015, Francis Madeus was convicted of third degree criminal sexual conduct, and Minorichy Rugante was convicted of first degree criminal sexual conduct. The Court filed a Decision and Order on March 3, 2015 denying both defendants' oral motions for judgment of acquittal. The very same day, Defendant Madeus filed a Motion for New Trial and

Motion for Judgment of Acquittal. Defendant Rugante joined Defendant Madeus' motions on March 4, 2015. The Court filed a Scheduling Order on April 23, 2015. The Scheduling Order calendared Defendants' Motion for Judgment on Acquittal and Motion for New Trial on May 22, 2015. At this hearing, Defendants requested, and the People did not object to, a continuance for Defendants' private translator to finish working on the translation used at trial. Defendants filed their transcript on June 3, 2015. On June 17, 2015 Defendant Rugante filed his Request for New Trial and Memorandum of Points and Authorities. That same day, the People filed their Opposition to Defendant's Motion of Acquittal and for New Trial. On June 19, 2015, Defendant Madeus filed his Supplemental Memorandum supporting Motion for New Trial.

## DISCUSSION

The proper procedure to raise an objection to the use of an interpreter is at trial. People v. Nuguid, 1991 WL 336901 ¶ 4 (D. Guam. App. 1991) ("A reviewing court is unlikely to find that a defendant received a fundamentally unfair trial due to an inadequate translation in the absence of contemporaneous objections to the quality of the interpretation."); See Ramos v. Terry, 622 S.E.2d 339, 343 (Ga. 2005) (holding that failure to object to the interpreter's performance at the habeas hearing waives the issue on appeal of denial of the writ of habeas corpus); Pineda v. State, 651 S.E.2d 148, 151 (Ga. Ct. App. 2007) (holding that failure to contemporaneously object to the translator's translation of testimony waives objection on appeal). Contemporaneous objection promotes fair and correct resolution of a claim of error both at trial and on appeal, and thereby furthers the interest of reliability and finality. People v. Earp, 20 Cal. 4th 826, 893, 978 P.2d 15, 58 (1999). In this case, Defendants failed to object to the interpretation of the translation at any point during trial.

Lastly, Defendant Rugante made separate arguments in addition to joining Defendant Madeus' motion. The Court alludes to its previous Decision and Orders addressing Defendant Rugante's separate arguments.

## CONCLUSION

For the reasons set forth above, the Defendants' Motion for Judgment on Acquittal and Motion for New Trial are DENIED.

**IT IS SO ORDERED** this _____ AUG 3 1 2015 _____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy the original hereto was placed in the court box of:
AG, MOYLAN,
POLE & DMR
Date: 8/31/15 Time: 1pm
Superior Court o.